Julie N. Nong (SBN 208013)
NT Law
2600 W. Olive Ave., 5th Fl., #647
Burbank, CA 91505
Tel: 888.588.0428
Fax: 888.588.0427
Email: julienong@ntlawgroup.com

Attorneys for Plaintiff Jasmine Nguyen

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No.: 2:18-bk-22171-BR |
| | ) |
| Richard Chhor, | ) The Honorable Barry Russell, Judge |
| | ) |
| Debtor | ) Chapter 7 |
| _____ | ) |
| | ) Adv. Proc. No. 2:19-ap-01005-BR |
| Jasmine Hoa Nguyen | ) |
| | ) **PLAINTIFF'S OPENING TRIAL** |
| Plaintiff, | ) **BRIEF** |
| v | ) |
| | ) Trial Date:  05/18/2021 |
| Richard Chhor | ) Time:  2:00 p.m. |
| | ) Crtrm:  1668 |
| Defendant. | )          Roybal Courthouse |
| | )          255 E. Temple St. |
| | )          Los Angeles, CA 90012 |
| | ) |
| | ) |
| | ) |
| _____ | ) |

PLAINTIFF'S OPENING TRIAL BRIEF

# Table of Contents

I.  **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.  **LEGAL AUTHORITY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

  A.  THIRD CLAIM FOR RELIEF UNDER 11 U.S.C. § 727(a)(4)(A) . . . . . . . . . . . . . . . . . . . 5

  B.  FIRST AND SECOND CLAIM FOR RELIEF UNDER 11 U.S.C. § 727(a)(2) . . . . . . . . . . . 6

III.  **LEGAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

  A.  CHHOR KNOWINGLY MADE A FALSE OATH OR ACCOUNT . . . . . . . . . . . . . . . . . . 7

  B.  CHHOR  WITH THE INTENT TO HINDER, DELAY, OR DEFRAUD A CREDITOR
TRANSFERRED, REMOVED, DESTROYED, MULTILATED, OR CONCEALED HIS PROPERTY
WITHIN ONE YEAR BEFORE THE DATE OF IS IFLING OF THE PETITION . . . . . . . . . . . 17

  C.  11 U.S.C. §727 (a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

IV.  **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

PLAINTIFF'S OPENING TRIAL BRIEF

# Table of Authorities

## Cases

*Cheung v. Fletcher*, 551 B.R. 455 at 461..................................................................5,14,16

*Hughes v. Lawson (In Re Lawson)*, 122 F.3d 1237, 1240 (95th Cir. 1997) ...................................6

*In re Calder*, 907 F.2d 953, 955..................................................................16,17

*In re Liechti*, 543 B.R. 26 (2015) ..................................................................16, 20

*In re Retz*, 606 F.3d 1189, 1197 (9th Cir. 2010)..................................................................14

*In re Roberts*, 331 B.R. at 885 ..................................................................16

*In re Searles*, 317 B.R. 368, 377 ..................................................................7,14,16

*In re Woodfield*, 978 F.2d at 518 ..................................................................16

*Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294, 1296 ..................................................................20

*Lines v. Frederick*, 400 U.S. 18, 19 ..................................................................20

*Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1997 ..................................................................5,6,7

*Schwarz v. Liechti (In re Liechti)*, 543 B.R. 26, 40 (2015) ..................................................................6

## Statutes

11 U.S.C §727 (a) (2) and (a) (4)..................................................................4,13,17

11 U.S.C. § 101(54) ..................................................................7

11 U.S.C. § 727 (a)(2)..................................................................6

11 U.S.C. § 727 (a)(4)(A) ..................................................................5

11 U.S.C. §727 (a)(3)..................................................................19,20

18 U.S.C. §152, 1341, 1519, 3571…………………………………………………...8

## Rules

F.R.B.P. R. 7015..................................................................20

F.RC.P. R. 15 ..................................................................20

PLAINTIFF'S OPENING TRIAL BRIEF

# I.    INTRODUCTION

This action arises out of the filing of a voluntary petition under Chapter 7 of title 11 of the United States Bankruptcy Code by Defendant Richard Chhor ("Chhor" or "Defendant") on October 17, 2018.  On January 7, 2019, Plaintiff Jasmine Hoa Nguyen ("Nguyen" or "Plaintiff") filed her complaint objecting to Chhor's discharge pursuant to 11 U.S.C §727 (a) (2) and (a) (4).

Nguyen and Chhor, a shrewd business man, along with Peter Nguyen ("Peter") at one time were partners with equal shares in a partnership to build and run supermarkets wherein Chhor guaranteed that, "Nobody can vote anybody out of the company."  In the beginning, Chhor and Peter told Nguyen that she would not need to put any money into the businesses, that she would only have to contribute her time to do accountant work for the businesses and that Chhor had Chinese investors lining up to contribute $30 million dollars.  However, the investors bailed and Chhor and Peter were supposed to put equal amount of the money into this partnership, but they did not put in once cent of their own money.  The business cannot run without capital so Nguyen ended up being the one raising the capital for the company.  Nguyen raised no less than $3 million dollars as seeds money in cash, checks and wire transfers which were to be invested into five (5) supermarkets.  One of the supermarkets was called Little Saigon Supermarket, LLC. Chhor set up Sun Valley Management, Inc. as a holding company for Sun Valley Management, LLC to manage all supermarkets and Nguyen, as a member.  Nguyen owned 34% shares of Sun Valley Management, Inc., which was the holding company for Sun Valley Management, LLC, to manage Little Saigon Supermarket, LLC and other limited liability companies.  The five supermarkets which were the subject of the business venture are 1) Little Saigon Supermarket in the City of Garden Grove, 2) The Food Warehouse Supermarket also in Garden Grove, 3) City of Industry Supermarket in City of Industry, 4) Baldwin Park Supermarket in the city of Baldwin Park, and 5) Fountain Valley Supermarket in Fountain Valley.

After raising the funds which were supposed to be used to run the supermarkets, Nguyen discovered that funds were used to fund Chhor's and Peter's personal lifestyle and giving money to their families and friends.  Then, Chhor and Peter, without Nguyen's permission, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code for Little Saigon Supermarket, LLC on August 20, 2017 after they removed Nguyen from voting and it was cleaned out of cash.  About 1 year later, Chhor filed for bankruptcy on October 17, 2018.

## II.      LEGAL AUTHORITY

## A. THIRD CLAIM FOR RELIEF UNDER 11 U.S.C. § 727(a)(4)(A)

11 U.S.C. § 727 (a)(4) states in relevant part as follows,

(a) The court shall grant the debtor a discharge, unless--

(4) the debtor knowingly and fraudulently, in or in connection with the case--
  (A) made a false oath or account;

To prevail on the third claim for relief under 11 U.S.C. § 727 (a)(4)(A), Plaintiff must prove the following:

a.  Defendant made a false oath in connection with the bankruptcy case. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1997 (9th Cir. 2010).

b.  Defendant's false oath relates to a material fact.  "A fact is material if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.  *Retz v. Samson (In re Retz)*, 606 F.3d at 1998 (internal quotation marks omitted); *Cheung v. Fletcher*, 555 B.R. 455 (2016).

c.  Defendant acted knowingly and fraudulently when making the false oath.  "A debtor acts knowingly if he or she acts deliberately and consciously."  *Retz v. Samson (In re Retz)*, 606 F.3d at 1998 (internal quotation marks omitted).  Fraudulent intent is usually proven by circumstantial evidence or by drawing inferences from a debtor's conduct.  *Retz v. Samson (In re Retz)*, 606 F.3d at 1997 internal quotation marks

omitted).  "Reckless indifference or disregard for the truth may be circumstantial evidence of intent, but is not sufficient, alone, to constitute fraudulent intent. *Id.* (citation omitted).

Plaintiff bears the burden of proving by a preponderance of the evidence that Debtor's discharge should be denied. *Retz v. Samson (In re Retz)*, 606 F.3d at 1996.  A false oath may involve a false statement or omission in the debtor's schedules. *Schwarz v. Liechti (In re Liechti)*, 543 B.R. 26, 40 (2015).  False oath is complete when made. *Riley v. Searles (In Re Searles)* 317 B.R. 368, 377 (2004).  All that is required for a denial of discharge under false oath discharge exception is a <u>single</u> false oath or account. *Schwarz v. Liechti (In re Liechti)*, 543 B.R. at 40 (emphasis added).

**B.  FIRST AND SECOND CLAIM FOR RELIEF UNDER 11 U.S.C. § 727(a)(2)**

11 U.S.C. § 727 (a)(2) states in relevant part as follows,

(b) The court shall grant the debtor a discharge, unless--

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an office of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

To prevail on the first and second claim for relief under 11 U.S.C. § 727(a)(2), Plaintiff must prove the following:

a.    A transfer of Defendant's property done by Defendant;

b.    The transfer of Defendant's property effectuated by him occurred within one year of the Petitioner;

c.    Defendant's subjective intent to hinder, delay, or defraud Plaintiff through the disposition of his property. *Hughes v. Lawson (In Re Lawson)*, 122 F.3d 1237, 1240 (95th Cir. 1997).

PLAINTIFF'S OPENING TRIAL BRIEF

The term "transfer" is broadly defined under 11 U.S.C. § 101(54) and includes "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—(i) property; or (ii) an interest in property." Whether Debtor acted with the intent to hinder, delay, or defraud a creditor in making a transfer is a question of fact that requires the trier of fact to delve into the mind of the debtor and may be inferred from surrounding circumstances. *Riley v. Searles (In Re Searles)* 317 B.R. 368, 379 (2004)

The standard of proof proceeding to deny a debtor a discharge if proof by preponderance of evidence. *Riley v. Searles (In Re Searles)* 317 B.R. at 376 (2004).

## III.    LEGAL ARGUMENT

### A.  CHHOR KNOWINGLY MADE A FALSE OATH OR ACCOUNT

Chhor made numerous omissions and false statements on his petition and schedules and at no times did Chhor attempt to amend his schedules to reflect accurate financial information and assets. The omissions and false statements as can be illustrated below.

#### a.  False Petition

1.      On October 17, 2018, Chhor filed his Petition, Statement of Social Security Number, Certificate of Credit Counseling, Verification of Master Mailing List of Creditors (*See* Nguyen's Declaration at ¶6, **Exhibit 2** and **3**, Verification of Master Mailing List and Mailing Matrix). The original Mailing List contained only 14 creditors. Chhor stated at section 10 on page 3 of his Petition (**Exhibit 1**) that there're no other bankruptcy cases pending by a business party, or by an affiliate. This statement was false. Chhor was a member of Little Saigon Supermarket, LLC, which filed for a Chapter 11 bankruptcy on August 20, 2017. (*See* Nguyen's Declaration at ¶8; Undisputed Facts No. 10; *See* **Exhibit 20**, Operating Agreement for Little Saigon, LLC; **Exhibit 23**, Operating Agreement for Sun Valley Management, LLC).

2.      Chhor stated at section 12 on page 4 of the Petition (**Exhibit 1**) that he is not a sole proprietor of any full-or part-time business. However, Chhor operates a

business under the name Professional Services and received compensation within 4 years prior to filing bankruptcy.  This business appears to be a sole proprietorship where he had an account at Bank of America ending in 2048. (*See* Nguyen Declaration at ¶9; Subpoenaed Documents from Bank of America at pg. 720-751, **Exhibit 42**).

3.     Chhor certified and signed the Petition on October 15, 2018 under penalty of perjury that the information provided is true and correct and that he understood that "making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.  (**Exhibit 1**, Petition at page 6.)  Chhor did not amend his Petition at any time.

### b.  False Schedules

1.     On October 31, 2018, Chhor filed his schedules of assets and liabilities. Chhor filed the remaining schedules to complete his bankruptcy filing.  The signatures on his Statement of Related Cases, Statement of Monthly Income, Statement of Intention and Summary of Assets and Liabilities were not handwritten in ink as required by LBR 9011-1(a).  There were no executed originals of the filed documents as required by LBR 9011-1(d).  (Undisputed Facts No. 15).

2.     In **Schedule A/B**:  Property (*See* Nguyen Decl. at ¶15; **Exhibit 5),** at section 17, page 3 of Schedule A/B (**Exhibit 5**), Chhor stated that he has no deposits of money; however, Chhor had multiple accounts with various different banks, one of which is Bank of America with account ending in 1136 at the time the filing of Schedule A/B, but he did not disclose any of his banking information.  (*See* **Exhibit 42**, Bank of America-Document 2, pgs. 960-963).  On October 10, 2017, Chhor made a counter deposit of $12,087.05 (*See* **Exhibit 42**, BOA-Doc 2 pg. 963.)  The Bank of America account had significant deposits but Chhor did not disclose it.

3.     Chhor also hid bank account at Chase where Chhor opened the account for City of Industry Supermarket, LLC (**Exhibit 23**) which was managed by Sun Valley Management, LLC, of which he's a member nor did he disclose such information in his

Statement of Financial Affairs.  (*See* **Exhibit 12** and **15**.)  The Chase bank account ends in 2667 was exclusively controlled by Chhor who received and deposited money into that account for the month of October 2017 ($22,263.57), November 2017 ($69,369.05), December ($53,048.89), January 2018 ($51,031.47), February 2018 ($31,064.86), March 2018 ($65, 932.45)  (*See* true and correct copy of Subpoenaed Chase Bank Documents, **Exhibit 44** pgs. 166 to 435).

4.      Bank documents also showed that City of Industry Supermarket, LLC also has banking with Royal Business Bank in Rowland Heights ending in 5545, but that this account was not disclosed.  (**Exhibit 44**, pg. 165, 169.)  City of Industry Supermarket, LLC was a functioning business as of the date of the filing of the Petition.  It continued to operate and received on July 9, 2019 $8,400.00 from HD Capital LLC dba Commodities & Petroleum Group, which is another of Chhor's company.  (*See* **Exhibit 44**, pg. 551.)

5.      At the time of Chhor's bankruptcy filing, he had $3,890.39 in account ending in 2972 with Chase that was not disclosed. (**Exhibit 44** at pg. 454).  The account continued to be active wherein on July 1, 2019 there were transfers from account ending in 7253 and 5073 in the amount of $70.99 and $4,000.00, respectively.  (**Exhibit 44** at pg. 475.)  Cash of $1,097.00 was deposited on July 7, 2018.  (**Exhibit 44** at pg. 481).

6.      In his amended Statement of Financial Affairs for Individuals Filing for Bankruptcy, Chhor claimed that from January 1, 2016 to December 31, 2016, January 1, 2017 to December 31, 2017, and January 1, 2018 to December 31, 2018, he had no other income other than his social security disability income of $13,610.00; however, this statement is false.  (*See* **Exhibit 15** at pgs. 1-2).

Numerous bank accounts, none of which was disclosed by Chhor, showed Chhor failed to disclose his Chase account ending in 9730 for USA Food Trading, wholly owned by Chhor, where he received $10,000.00 on May 31, 2016 and June 9, 2016. (Exhibit 44 at pg. 659.)  The balance of USA Food Trading on October 31, 2017 was $37,700.26.  (Exhibit 44 at pg. 746.)  By November 30, 2017, it has $40,186.76.  (Exhibit 44 at pg. 748.)  Cash was then eventually withdrawn and the account was depleted.

However, at the end of October 2018, the account had $11,839.81.  (**Exhibit 44** at pg. 777.)  Chhor also received income from Global Management Resources in June 2018, but did not disclose.  (*See* **Exhibit 42-1**, pg. 58.)  Chhor did not disclose this account and businesses and has had multiple opportunities to amend his schedules and petition, but did not do so.

7.     In June of 2017, Chhor set up a company named "USA Food Trading, LLC" and also opened a bank account on February 20, 2018 with Bank of the West, account ending 6042 depositing $19,630.00 with exclusive control of the account.  (*See* **Exhibit 39**, Deposition of Linda Vo at pg. 10, ln 8-12, 14-15, 20-22; pg. 10, ln 25 to pg. 11, ln 18; pg. 12, ln 17-20; pg. 13, ln 5-7, 19-22; pg. 13, ln 24-pg. 14, ln 8; pg. 14, ln 2-8, 12-15, 20-23; pg. 13, ln 24;  pg. 14, ln 24; pg. 14, ln 25 to pg. 15, ln 2, 6-7; 17-24; pg. 21, ln 14-21; pg. 23, ln 10-18; pg. 24, ln 9-21; pg. 25, ln  2-4, 12-24; pg. 27, ln 19-22; pg. 29, ln 4-9, 20-22; pg. 31, ln 7-11; pg. 32, ln 9-12; pg. 35, ln 5-13; pg. 37, ln 7-14; **Exhibit 48**, Subpoenaed Bank of the West documents at pgs. 13-16).  Chhor did not disclose the he owns and has an account with Bank of the West.

The ending balance at the end of March 2018, which within one year of bankruptcy filing, was $69,587.77.  (*See* **Exhibit 48** at pgs. 19-20).  Chhor drained the account by writing checks, withdrawing cash and using it to pay for his meals and expenses.   At the time of the bankruptcy filing, there was still $1,157.37, but this amount nor the bank account was disclosed.  (*See* **Exhibit 48** at pg. 45.)  Chhor took out cash for his friend in the amount of $7,000.00, Peter Nguyen (**Exhibit 49** at pg. 48), as well as pay himself $7,000 for the month of August 2018 (**Exhibit 49** at pg. 70; Exhibit 35), $1560 on October 30, 2018 (Exhibit 49 at pg. 71) and pay his mother Heng Phan, $8,500.00 (*Id.*).

8.     In the meantime, Chhor continued to operate City of Industry Supermarket, LLC dba Good Deals Supermarket at 21580 Valley Blvd. in the City of Industry and subleased the location to Super HK on August 25, 2018 for $23,464.00.  (*See* **Exhibit 58**, City of Industry Supermarket LLC Sub-Lease).  Chhor did not disclose at any time nor to

PLAINTIFF'S OPENING TRIAL BRIEF

the trustee, Heide Kurtz, that he subleased the location to Super HK for $23,464.00 nor did he disclose other bank accounts at Bank at the West, Chase and Bank of America, as well as Royal Business Bank.  City of Industry Supermarket continued to operate.  On July 9, 2019, it received $8,000.00 from HD Capital LLC dba Commodities & Petroleum Group, another company owned by Chhor.  (*See* **Exhibit 44**, pg. 551).

9.      Chhor further hid his income or cash received when he cashed the lottery check from the State of California by forging my name to cash the check in the amount of $12,087.00 on October 14, 2017.  (*See* **Exhibit 36**, Lottery Check; **Exhibit 42** at pg. 49-50).  Chhor took out "loan" of $2500 each time for himself and for his friend, Peter Nguyen, his mother, Heng Phan, as well as cash from City of Industry Supermarket, LLC.  (*See* **Exhibit 44**, Chase bank at pg. 78, 89, 110, 112, 113, 128.) He also paid Catherine Huang, his girlfriend, $30,000.00, refund to a Shan Lin Tseng of $25,000 and $20,000.00 and Hannah Le, $20,000.  (**Exhibit 44**, pgs. 60, 85, 88, 568.)  He then wrote a check to USA Food Trading, which is another of his company, as well pay for his own legal fees.  (**Exhibit 44**, pg. 51, 61, 92, 101, 173, 236.)  Basically, Chhor had other income but did not disclose.  Thus, Chhor statement's that he had no other income sources besides his social security disability income is false.  (*See* **Exhibits 12** and **15**).

10.     In his statement of Financial Affairs (*see* **Exhibits 12** and **15**) at section 2, pg. 1, Chhor states that he did not have any income from employment or from operating a business during the year of 2018 and the two previous calendar year, which is false as can been seen from his multiple bank accounts from Bank of the West, Chase and Bank of America.

At section 7 at pg. 2, Chhor states within 1 year before he filed for bankruptcy, he did not make any payment on a debt he owed who as an insider.  This statement is false because he made payment to his mother, Heng Phan, as evidenced in bank statements from Bank of the West, Chase and Bank of America.

At section 8 at pg. 3, Chhor states that he did not make any payments or transfer any property on account of a debt that benefited an insider.  This statement is also false

Chhor transferred or made payment to his mother, Heng Phan, as well as Peter Nguyen who was also his partner in several businesses as shown in Bank of the West, Chase and Bank of America statements.

At section 18 at pg. 5, Chhor states that within 2 years before he filed for bankruptcy, he did not sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of his business or financial affairs.  This statement is false as Chhor transferred property to Heng Phan, Peter Nguyen, as well as Catherine Huang as evidenced by Bank of the West, Chase and Bank of America statements.

At section 27 at pg. 5, Chhor states he is not a member of any limited liability or sole proprietorship of any trade within the past 4 years.  However, Chhor is a member or owned Professional Services (**Exhibit 43**, Wells Fargo documents), FB Socal 5, LLC, and USA Food Trading, LLC.  He also operates City of Industry Supermarket, LLC and subleases the market to Super HK in August of 2018, which he did not disclose.

Chhor signed his Statement of Financial Affairs and the Amended Statement under penalty of perjury that the answers are true and correct; however, his declaration is full of false statement

11.    In his schedule A/B: Property (*see* **Exhibit 5**), Chhor also states that he has no legal or equitable interest in any business-related property or any financial assets.  However, as evidence by the bank statements from Bank of the West, Chase, Wells Fargo and Bank of America, Chhor had business interests in USA Food Trading, LLC and City of Industry Supermarket, LLC.

12.    In his schedule H:  Your Codebtors, Chhor did not list any co debtors.  However, Chhor, Peter Nguyen and Jasmine Nguyen signed leases where Chhor, Peter Nguyen and Jasmine Nguyen cosigned many leases.  (*See* **Exhibits** 30, 31, 32).

13.    In his Schedule I: Your Income, Chhor only listed his monthly income from disability of $1,361.00; however, as shown in bank statements form Bank of the West, Chase, Bank of America, and Wells Fargo, Chhor received other form of income in the

form of cash, checks, meals and expenses as shown in bank statements from Bank of America, Chase, Wells Fargo and Bank of the West. For example, in Exhibit 44, pg. 95 (meals) and pg. 130, he purchased airfares for his own use.

14.    Chhor lists that he paid rent in the amount of $500/month. However, he lives with his parents and therefore he does not have to pay rent. Further, this statement contradicts in his Petition (**Exhibi1**) at pg. 3 section 11 where he states he does not rent his residence.

15.    Chhor failed to submit a Declaration of Whether He Received Income from an Employer, suggesting he's hiding income as clearly shown above. The Declaration he submitted was for another parties. (*See* Dk#21).

16.    Chhor submits his statement of current income under penalty of perjury (*See* **Exhibit 18**) showing that he only has monthly income of $1,361.00 from his disability which is $1,361.00. However, this statement again is completely false and contradicts bank statements from Bank of the West, Chase, Bank of America, and Wells Fargo, which bank accounts were not disclosed.

17.    Chhor signed the Statement of Financial Affairs and Declaration about an Individual Debtor's Schedules (**Exhibits 12** and **15**), Declaration about an Individual Debtor's Schedules (Dk#s16, 28, **Exhibit 17**, pg. 3) under penalty of perjury. However, he submitted a false oath as to his Petition and Schedules since he had other banking information and money received at the time of filing for bankruptcy that he failed to disclosed.

Here, it is evidenced that Chhor hid multiple bank accounts and membership interests in limited liability companies and sole proprietary business by providing a false oath under 11 U.S.C. §727 (a)(4)(A). He also signed numerous bankruptcy filings under penalty of perjury knowing these statements are false and despite given several opportunities to amend, he chose to not amend his filing.

First, as demonstrate above and by Chhor's Declaration (Dk# 79) there's no dispute that Chhor made numerous omission and provided false statements in his petition

and schedules.  *See In re Retz*, 606 F.3d 1189, 1197 (9th Cir. 2010).  A false oath is complete when made.  *See In re Searles*, 317 B.R. 368, 377.  Nevertheless, Chhor at no time attempted to correct the inaccuracies and omissions in his petition and schedules.

Second, a false statement is material, within meaning of discharge exception, if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.  *Cheung v. Fletcher*, 551 B.R. 455 at 461.  Similarly to *Searles* and *Fletcher*, Chhor's numerous omission and false statements regarding his multiple bank accounts at Bank of America, Chase, Wells Fargo and Bank of the West where these accounts were related to his business transaction relating to the City of Industry Supermarket, LLC where he operated a supermarket and U.S.A. Food Trading, LLC.  These accounts showed significant transactions during and for a period of many months after he filed Chapter 7.  For example, the Chase bank account ending in 2667 which Chhor had exclusive control had $65,932.45 in March of 2018.  This account was used to operate City of Industry Supermarket and in which Jasmine Nguyen had a membership interest. Chhor at no time disclose in his schedules or to the bankruptcy trustee that he had an ownership interest in City of Industry Supermarket.  Chhor then without Nguyen's consent sold the supermarket to Tuong D. Ta ("Tony Ta") who is his step-father and an insider without any consideration.  (Chhor Decl., Dk#79 at para 10).  Then Chhor set up U.S.A. Food Trading so that Ta could transfer City of Industry Supermarket, LLC to U.S.A. Food Trading for $1.00 on January 1, 2018.  U.S.A Food Trading was a company set up and exclusively controlled by Chhor.  He even opened a bank account at Bank at the West in February of 2018 to operate City of Industry Supermarket and which bank account was not disclosed. In February of 2018, he made 2 deposits totaled $19,630.00 to open.

Chhor's conduct is markedly similar to Pamela Cheung in Cheung v. Fletcher, supra, 551 B.R. 455, 458 where Cheung purchased a 50% interest in Truckee Tahoe Transportation, Inc. ("TTT").  Cheung and Fletcher agreed that Cheung would manage

TTT, and Fletcher would take an advisory role and drive on some of the trips. After a dispute arose between Cheung and Fletcher, however, they agreed to go their separate ways. Cheung and Fletcher agreed to dissolve TTT and distribute its assets and liabilities between them, but the dissolution and distribution were never completed. Nevertheless, on November 14, 2012, Cheung incorporated Tahoe Elite Private Car Services, Inc. ("Tahoe Elite") and filed a Chapter 7 on November 27, 2012. Based on Cheung's petition, the trustee issued a finding that "there is no property available for distribution from the estate over and above the exempted by law." Fletcher objected to any discharge for Cheung under section 727 based on Cheung's failure to disclose her ownership interest in Tahoe Elite, Cheung's property as a result of the dissolution of TTT such as its telephone number, corporate goodwill, and her 50% in TTT. *Id*. at 459. The *Fletcher* court Cheung knowingly and fraudulently made a false oath under 11 U.S.C. §727 (a)(4)(A) for failing to disclose her ownership interest in Tahoe Elite, TTT's phone number, and her assigning a value of zero to her 50% interest in TTT.

Applying *Fletcher* to the case at bar, Chhor's failure to disclose entirely his ownership interest in City of Supermarket, LLC which was a viable business at the time of Chhor's Chapter 7 filing, his transferring the supermarket to an insider Tony Ta and his assigning a value of $1.00 in the City of Supermarket, LLC and then subsequently transferred it back to an entity that he completely owned, U.S.A Food Trading, LLC., hiding multiple bank accounts that he deposited large sums of money, all of which bear direct relationship to Chhor's business transaction and operation of City of Industry Supermarket and U.S.A Food Warehouse and certainly a relevant factor to consider in attempting to understand Chhor's financial affairs.

Third, as to Chhor's knowingly and fraudulent intent in making a false oath, *In re Liechti*, 543 B.R. 26 (2015), the court opined that a single false oath or account is all that is required. Here, Chhor made numerous false statements and omissions. Yet, at no time did he belabor to correct the inaccuracies or omissions in his petition, schedules and statements. Chhor had a continued duty to assure the accuracy of such schedules and

statements and failure to make prompt correction of an inaccuracy may be evidence

probative of fraudulent intent.  (*See In re Searles*, 317 B.R. at 377).  In addition,

fraudulent intent may be established by circumstantial evidence or by inference drawn

from Chhor's course of conduct.  (See *Cheung v. Fletcher, supra*, 551 B.R. at 461; *see*

*also In re Calder*, 907 F.2d 953, 956 (1990).

> "In examining the circumstances, the court may find "badges of fraud"
> including:  (1) that there was a close relationship between the transferor and
> the transferee; (2) that the transfer was in anticipation of a pending suit; (3)
> that the transferor debtor was insolvent or in poor financial condition at the
> time of the transfer; (4) that all or substantially all of the debtor's property
> was transferred; (5) that the transfer so completely depleted the debtor's
> assets that the creditor has been hindered or delayed in recovering any part
> of the judgment; and (6) that the debtor received inadequate consideration
> for the transfer.  *See In re Woodfield*, 978 F.2d at 518; *see also In re*
> *Roberts*, 331 B.R. at 885.  These factors need not all be present in order to
> find that a debtor acted with the requisite intent.  *Id.*"

Here, in addition to Chhor's failure to amend his schedules to reflect his multiple bank

accounts and his interest in City of Industry Supermarket, LLC and U.S.A Food Trading,

LLC, income from various sources, Chhor as a shrewd business man transferred City of

Industry Supermarket, LLC to an insider without any consideration.  Chhor then set up

U.S.A Food Trading, LLC so that City of Industry Supermarket can be transferred back

to Chhor and then he subsequently depleted the bank accounts for City of Industry

Supermarket, LLC and U.S.A Food Trading, LLC, subleased or sold City of Industry

Supermarket, LLC's good will to Super HK for $23,464.00 on August 15, 2018, all

within a few months of filing for bankruptcy.  Chhor clearly acted deliberately and

consciously when he transferred assets and chose not to disclose his ownership interest in

City of Industry Supermarket, LLC ("CTS") and U.S.A. Food Trading, LLC.  By selling

the good will of CTS for a lump sum just 2 months prior to filing bankruptcy and not

disclosing it is a conscious and deliberately act in disregard for truth and candor. Thus, in

viewing the history and totality of circumstances and facts of the case, an inference may

be made that Chhor knowingly acted with fraudulent intent to deceived creditors when he made a false oath.

Chhor argues that he should not be denied a discharge of his debts because the undisclosed amount were worthless assets.  However, as presented above and shown in bank record, his assets are not worthless.  Assuming arguendo that it is, a "recalcitrant debtor may not escape a section 727(a)(4)(A) denial of discharge by asserting a worthless business relationship or holding; such a defense is specious.  (*See In re Calder*, 907 F.2d 953, 955).

### B.    CHHOR  WITH THE INTENT TO HINDER, DELAY, OR DEFRAUD A CREDITOR  TRANSFERRED, REMOVED, DESTROYED, MULTILATED, OR CONCEALED HIS PROPERTY WITHIN ONE YEAR BEFORE THE DATE OF IS IFLING OF THE PETITION

Here, the record shows that Chhor hid numerous bank accounts he had with Bank of America which he did not disclose. On October 10, 2017, Chhor made a counter deposit of $12,087.05 (*See* Exhibit 42, BOA-Doc 2 pg. 963.)  Chhor then transferred $2,000.00 to "Heng" on October 20, 2017.  Then within one year of filing for bankruptcy on October 23, 2017, he transferred $7,000.00 to "CHK 1714."  He also used the funds deposited to pay Charter Communication for Phan Heng, his mother and an insider, in the amount of $39.99 and withdrew $1000 in cash.  (*Id.* at pg. 964.).  Chhor continued to pay Charter for Phan Heng (see pgs. 967, 973, 979,  983, 991, 997, 1003, 1007, 1013, 1018, 1025, 1031, 1037, 1041, 1047, 1051, 1055, 1061, 1065, and 1068) and further transferred funds to Phan Heng, $1000 on December 14, 2017, $800.00 on January 5, 2018, $800.00 on February 5, 2018, $1000.00 on March 6, 2018, $500.00 on May 7, 2018, $1000.00 on August 6, 2018, $1300.00 on August 31, 2018, $800.00 on November 5, 2018, $1000.00 on December 4, 2018, $500.00 on January 9, 2019, $1,000.00 on February 1, 2019, $600.00 on March 5, 2019, $900.00 on April 4, 2019. $1000.00 on May 3, 2019, $1000.00 on June 3, 2019, $1000.00 on July 3, 2019 (*See* pg. 973, 979, 983, 991, 997, 1013, 1018, 1031, 1037, 1041, 1047, 1051, 1055, 1061, 1065, and 1068).

More egregiously, without the agreement of all members of Sun Valley Management, LLC, Chhor transferred the entire ownership interest of City of Industry Supermarket, LLC to Tony Ta without any consideration without Nguyen's knowledge and consent.  Chhor then set up U.S.A Food Trading, LLC so that Ta can transfer back tall interests in CIS to U.S.A Food Trading, which he did on January 1, 2018.  Even after Chhor allegedly sold or transfer interest to Ta, Chhor continued to operate City of Industry Supermarket, LLC dba Good Deals Supermarket as his own.  He continued to cash, sign and issue checks.  (**Exhibit 44** pgs. 136, 166 to 435.)  Similarly to *Fletcher*, the creation of different entity to transfer the supermarket back from Ta without any consideration is clearly done with an intent to" hinder, delay and defraud" his creditors, here Jasmine Nguyen who Chhor owed a fiduciary duty due to her membership interest in Sun Valley Management, Inc. which was the holding company for Sun Valley Management, LLC who managed several different other entities.  (*See Cheung v. Fletcher, supra*, 551 B.R. at 459-460).

Moreover, within one year of filing, Chhor also transferred $4,100.00 to Ellen Gold, his ex-wife on March 9, 2018, Check #1025 on account ending 1714 with Bank of America, which account was not disclosed. (**Exhibit 44** at pg. 439.)  This check was then deposited back into Chhor and Gold's account ending in 2972.  (**Exhibit 44** at pg. 438.) The bank statement for this account showed Chhor's address at 1258 Elm Avenue, San Gabriel, California, confirming my belief that Chhor also lived at this address. (Exhibit 44 at pgs. 436 to 479).  Chhor and Gold divorced on April 26, 2013.  One must ask, if they have been divorce for so many years, why did he still have a bank account with Gold and continued to transfer to her.  There can be no other inference to be drawn other than another scheme of Chhor to hinder, delay and defraud his creditor.

Additionally, within one year of filing, Chhor took out $7,000 in cash for his friend, Peter Nguyen (**Exhibit 49** at pg. 48), as well as pay himself $7,000 for the month of August 2018 (**Exhibit 49** at pg. 70; **Exhibit 35**), $1560 on October 30, 2018 (**Exhibit 49** at pg. 71) and pay his mother Heng Phan, $8,500.00 (*Id.*).  Then on August 25, 2018,

PLAINTIFF'S OPENING TRIAL BRIEF

within just 2 months of filing, he sub-leased and sold the goodwill of CIS for $23,464.00. He did not disclose CIS nor did he disclose the transaction.

Furthermore, Chhor has not been forthright with provide information to the bankruptcy trustee.  Without a subpoena to various banking institutions, Nguyen would have known the extent of Chhor's financial reach and how he hid those assets.  In viewing of the surrounding and totality of circumstances and course of conduct including the various "badges of fraud" that constitute circumstantial evidence of intent,  it can be established that Chhor's transferring of significant amount of cash and other asset such as the supermarket and its goodwill is Chhor's intent to hinder, delay or defraud Nguyen. Clearly, the new business of U.S.A Food Trading was set up and created to transfer assets to hinder or delay Nguyen in collecting her shares of her interests in CIS.

C.    **11 U.S.C. §727 (a)(3)**

Section 727 (a)(3) of the Bankruptcy Code states,
(a  The court shall grant the debtor a discharge, unless--

…

(3)the debtor has concealed, destroyed, multilated, falsified, or failed to keep or preserve any recorded information, including books, documents, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

In addressing the burdens of proof under §727(a)(3), the Ninth Circuit has stated:

[T]he purposes of [section 727] is to make the privilege of discharge dependent on a true presentation of the debtor's financial affairs.  The initial burden of proof under §727(a)(3) is on the plaintiff.  In order to state a prima facie case under section 727(a)(3), a creditor objecting to discharge must show (1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes impossible to ascertain the debtor's financial condition and material business transactions.  Once the objecting party shows that the debtor's records are absent or are inadequate, the burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records.  *Lansdowne*

PLAINTIFF'S OPENING TRIAL BRIEF

*v. Cox (In re Cox)*, 41 F.3d 1294, 1296 (citations, internal quotation marks, and quotations omitted.).

Here, Chhor did not maintain any financial documents or purchase and sales agreement relating to his allegedly transferring City of Industry Supermarket, LLC to Ta for no consideration, and the subsequent transferred to U.S.A Food Trading, LLC for no consideration. Pursuant to bank statements at Bank of America, Chase and Bank of the West, Chhor opened and had exclusively control of these bank accounts. There were no financial record regarding CIS's or U.S.A. Food Trading, LLC's business transactions other than bank statements obtained via subpoena. Obviously, Chhor ran and operated City of Industry Supermarket located in City of Industry, but provided no documents regarding its profits and loss, tax returns, business record and schedules, money received and deposited. Without complete information as required to be produced by law, the trustee and Nguyen had difficulty in ascertaining Chhor's financial condition. Thus, based upon the evidence and record before the Court, Nguyen believes that there is sufficient evidence to show a violation of section 727 §(a)(3) and requests that the Court allows an amendment to the complaint in according to proof pursuant to F.RC.P. R. 15 and F.R.B.P. R. 7015.

### IV.    CONCLUSION

Chhor's discharge should be denied because the fresh start goal of the bankruptcy process is not meant to protect a dishonest debtor. *In re Liechti*, 543 B.R. 26, 39, citing *Marrama v. Citizens Bank of Mass.* 549 U.S. 365, 367 and *Lines v. Frederick*, 400 U.S. 18, 19. Chhor has demonstrated a pattern and conduct of dishonesty in that he did not correct the inaccuracies in his petition, schedules and statements which he signed under penalty of perjury. He hid multiple bank accounts for his various business, concocted a scheme to transfer out all of his interest in CIS to an insider for no consideration and then have it transferred back to a third entity, U.S.A. Food Trading which he exclusively controlled evidencing his deliberate act to hinder, delay, or defraud Nguyen's out of her interest in CIS. Accordingly, a denial of a discharge is warranted.

Dated: April 16, 2021 NT Law

/s/Julie Nong

_____

Julie N. Nong
Attorneys for Plaintiff Jasmine Hoa Nguyen

PLAINTIFF'S OPENING TRIAL BRIEF

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 2600 W. Olive Ave., 5th Fl., #647, Burbank, CA 91505

A true and correct copy of the foregoing document entitled (*specify*): _PLAINTIFF'S OPENING TRIAL BRIEF_____
_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_04/16/2021_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   Heidi Kurtz (TR) - trustee@hkurtzco.com; C169@ecfcbis.com
   United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
   Stephen L. Burton, Attorney for Debtor/Defendant - steveburtonlaw@aol.com; ellie.burtonlaw@gmail.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/16/2021 | Julie N. Nong | /s/ Julie N. Nong |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.