STEPHEN L. BURTON (State Bar No. 113748)
Law Offices of Stephen L. Burton
16133 Ventura Blvd., 7th Floor
Encino, CA 91436
Telephone: (818) 501-5055
Facsimile:  (818) 501-5849

Attorney for Defendant, Richard Chhor

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>Jasmine Hoa Nguyen<br><br>            Debtor. | Case No. 2:18-bk-22171 BR<br><br>Chapter 7 |
| Jasmine Hoa Nguyen<br><br>            Plaintiff,<br><br>vs.<br><br>Richard Chhor<br><br>            Defendant. | Adv. Case No. 2:19-ap-01005 BR<br><br>OPENING BRIEF OF DEFENDANT RICHARD  CHHOR<br><br>Trial Date:  May 18, 2021<br>Time:          2:00 p.m.<br>Ctrm:          1668 |

# TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   LEGAL AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III.  LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

  A.  Chhor Did Not Knowingly Make a False Oath or Account . . . . . . . . . . . . . . . . . . . . 7

  B.  Chhor did not with the Intent to Hinder, Delay or Defraud a Creditor Transfer,
     Remove, Destroy, Multilate, or Conceal His Property Within One Year Before the
     Date of Filing of the Petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

  C.  11 U.S.C. $727 (a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**TABLE OF AUTHORITIES**

## I.    INTRODUCTION

Chhor, a not so shrewd business man, and his then business partner Peter Nguyen ("Peter") and Plaintiff Jasmine Nguyen agreed to be partners in a speciality food supermarket, Little Saigon Supermarket. The partnership only related to Little Saigon Supermarket, and not to any other entity. Nobody could vote anybody out of the company and nobody was voted out of the company. Plaintiff still has her shares to this day. Plaintiff has never denied this fact.

Suffice it to say the enterprise fell flat on its face. Insufficient capital was raised. How anyone could believe an enterprise could open five supermarkets from seed money of three million dollars is conjecture. How anyone could further believe to get the enterprise started without some portion of the additional promised thirty million dollars from Chinese investors is pure fantasy. Plaintiff's assertion is the partners were not supposed to put money of their own into the enterprise. When the 30 million Chinese investor money did not arrive, Plaintiff could have withdrawn from the enterprise. It was still early. Plaintiff's only obligation was to perform the accounting work. But start the enterprise these three Musketeers did.

Little Saigon wound up in a chapter 11 bankruptcy. Plaintiff held a minority interest so her vote to file or not to file a bankruptcy would not have made a difference. A chapter 11 plan was confirmed and the market was sold by court approved sale. Evidence will show Plaintiff tried to sabotage the sale and discouraged at least one qualified buyer.

Ira Katz was subsequently appointed The Litigation Trustee. The evidence will show that on August 5, 2018, month before his personal bankruptcy in October of that year, Chhor provided Ira Katz with a fifteen page declaration (the Chhor Katz Declaration) detailing the rise and fall of the Little Saigon and related supermarket ventures. All of the failures

-4-

to disclose raised by Plaintiff were disclosed in the Chhor Katz Declaration. Katz vetted Plaintiff's claims. Katz had the same financial records Plaintiff has. As Litigation Trustee Katz brought no actions against Chhor or Peter. The evidence will show Katz met with all Choor, Peter Nguyen and Plaintiff before Chhor's bankruptcy. Katz settled with Chhor's girlfriend, Katherine Huang the repayment made to her on behalf of Little Saigon Supermarket. Had counsel for Plaintiff bothered to contact Ira Katz she would have found Plaintiff's allegations against Chhor are hollow. Chhor's failure to disclose in his Statement of Financial Affairs what Plaintiff alleges he failed to disclose was unnecessary because Chhor had already disclosed everything to Katz.

The evidence will show and Chhor will testify that by providing Katz with the fifteen page August, 2018 Chhor Katz Declaration, Chhor believed no further disclosures were required because he had disclosed everything.

The evidence will further show Chhor also amended his Statement of Financial Affairs, and provided a three page narrative to Chhor's Chapter 7 bankruptcy trustee, Heidi Kurtz. Again, contrary to Plaintiff's contentions, Chhor disclosed his relationship with the other entities. Again, contrary to counsel for Plaintiff's baseless contentions, had counsel bothered to have a cursory conversation with Heidi Kurtz, counsel would have learned she has no case under 727 of the Code against Chhor.

Richard disputes Plaintiff's characterization the funds were used to Chhor's and Peter's personal lifestyles. There is no evidence funds from the Little Saigon Supermarket or the other entities were consumed to fund Richard and Peter's personal lifestyles and giving money to their family and friends. The evidence is actually to the contrary. The Chhor Katz Declaration establishes that. Richard and Peter took no compensation.

Plaintiff did raise money from the EB5 investors and others. Plaintiff invested none of

-5-

her own money.  Plaintiff has previously stated in her deposition she promised to pay back the EB5 investors, but this is illegal.  More recently,  Plaintiff appears to have stopped making the contention.   Plaintiff filed her own bankruptcy in 2019, but did not list the EB5 investors.  Plaintiff put money into the Little Saigon Market not as an investor, but as a volunteer.  She was not required to put the money in.  Plaintiff did so as a volunteer.  Plaintiff never denies this.

Chhor did not clean out the cash for himself or others.  Had that occurred Ira Katz would have evidence of that and had brought appropriate action against Chhor.  Katz interviewed Chhor and took no action against him.

It should be no surprise that one year later Chhor was personally bankrupt to stop a foreclosure sale and facilitate a short sale on his former personal residence in which his former spouse and daughter still resided.   Chhor had previously quit claimed his interest on the Elm Street San Gabriel home as part of his divorce from former spouse Ellen Gold.  Chhor remained on the loan and liens against Chhor also interfered with the short sale.  Chhor did not retain any other interest in the home.  Ultimately the short sale failed.  The evidence will show the short sale could not occur because another Chhor creditor would not release her lien on the home unless she was given the short sale listing on the home sale.

-6-

**II    Legal Authority**

**Bankruptcy Code Section 727.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

**Cheung v. Fletcher 551 B.R. 455** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

**Bankruptcy Code Section 727(a) 3** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .**16**

## III.    LEGAL ARGUMENT

### A. Chhor did not knowingly make on false oath or account on a material fact

#### a.  False Petition

Professional Services business.  This was a collection agency business  Chhor owned ten years ago.  It had no assets and was not worth mentioning.  It was not a material omission. Plaintiff has located one random transaction where one client of Professional Services, to wit, Global Management Resources  purchased back one collection account from Chhor, paying him $1,000 for the account.

#### b.  False Schedules

1.  Ink vs not ink.  The argument is not relevant or material.  Chhor did not make a false oath by using an electronic signature versus a signature in ink.   Plaintiff has not cited one case.  There is no case, and the less time spilling ink over this non argument the better.

2.  The failure to disclose the personal deposit account ending in 1136 at Bank of America is not compelling or material.   In October 2017, a year before his personal bankruptcy Chhor had only $12,087.05 in the account.  This is not a material amount. Plaintiff never provides evidence the account went higher than this amount.  She only proves it went lower.   By the time of his October 2018 bankruptcy, the account balance is only $7,200.00.  Plaintiff argues Chhor's argument about the balance "misses the mark", but rather the failure to disclose the account at all.  No citation.  The amount is not material.

3.  The Chase account.  Plaintiff contends Chhor hid a bank account at Chase ending in 2667 held by City of Industry Supermarket, LLC, which was managed by Sun Valley Management of which Chhor was a member.

-8-

Plaintiff's argument is misleading.  This Chase account is not  a personal bank account of Chhor.  Plaintiff then fails to cite one check wrote for himself.  Plaintiff fails to cite where Chhor took out cash for himself.  Chhor's testimony is he paid operating expenses of the business from this account.

4.  The Royal Business Bank in Rowland Heights ending in 5455.  Plaintiff also contends Chhor hid this account too.  Again, this was not a personal account.  Plaintiff misleads the Court again.  The account was used to pay the operating expenses of City of Industry Supermarket, LLC.  Plaintiff offers no testimony to the contrary.  Not one cite to a check wrote to himself or for his personal expenses prior to his October 2018 personal bankruptcy.

The July 9, 2019 $8,400 check to HD Capital LLC dba Commodities & Petroleum Group, a Chhor company, was written post Chhor's bankruptcy.  The evidence will show HD Capital was formed  in 2019 after Chhor's 2018 bankruptcy.

5.  Chase account ending in 2972.  This was not a personal Chhor account.  Plaintiff is intentionally misleading the court again when Plaintiff contends the business accounts were his personal accounts.  The fact Chhor had the power of signature of these accounts does not mean the accounts were his personal accounts.  There is no material evidence Chhor used these accounts for his own personal expenses, or the expenses of family and friends.  The examples are random and small.   If there were a true pattern of abuse Plaintiff would certainly have presented it.  Plaintiff subpoenaed thousands of pages of bank records from the business accounts.  If the examples of abuse were material, Plaintiff would offer them.  Ira Katz would have pursued them as the litigation trustee.  Ira Katz know about them from the Chhor Katz Declaration.

6.  Amended Statement of Financial Affairs and "numerous bank accounts."  These

were business accounts to which Chhor was a signatory.  Chhor used these accounts to pay

the operating expenses for the entity identified such as USA Food Trading.  If there was

evidence Chhor used proceeds from these accounts for his alleged far flung lifestyle

Plaintiff's subpoena would have found it.   Plaintiff, or her counsel, subpoenaed the checks.

Presumably they spent hours pouring over the checks.  Plaintiff is an accountant.

Plaintiff again fails to cite one check, or cash withdrawal where Chhor used business funds

in these accounts for personal purposes, or deposited business funds into his personal

account to further his lavish life style.

The one, and only transaction found was where Chhor received income from an old

collection agency he owned and operated.  Chhor received one check for a $1,000.00 for a

collection account a client purchased back from Chhor's former collection company in

2018, Professional Services Corporation.  This was the  Global Management Resources

account.  This is the one and only undisclosed business transaction and it is far from

material.

Plaintiff appears to argue that it is wrongful for Chhor to have not disclosed, without

more,  he was a signatory to the various business accounts, regardless of whether Chhor

had an ownership interest in the business entities holding those accounts.  If that is

Plaintiff's contention, she cites no legal authority for the position.

Moreover, abuse or misconduct by Chhor in the management of that money is not borne

out in the proof.  There is no material evidence Chhor drained the accounts to feed his own

lifestyle, family and friends.

7.  USA Food Trading, LLC and Bank of the West.  Plaintiff's argument Chhor

draining money for meals and expenses  gets about as good as it can get where she argues

Chhor gave $7,000 to Peter Nguyen,  paid himself  $7,000 in August 2018 another $1560 in

October 30, 2018 and pay his mother Heng Phan $8,500.

These are not a material amounts under the circumstances. Three million was raised for the five supermarkets. A few thousand dollars is not a material drain of cash. Is this all Plaintiff can find? Plaintiff contends the funds were used to fund Chhor's and Peter's personal life style and giving money to their friends and family. Certainly there must be more. There has to be more for it to be material.

8. Operation of City of Industry Supermarket. Plaintiff does not demonstrate how this is material.

9. Forgery of the Lottery Check. Defendant Chhor denies he forged Plaintiff's name on the Lottery Fund Deposit Refund Check. Plaintiff has proved neither that Chhor received any of the proceeds personally or that the proceeds were material.

Plaintiff has not established the lottery refund check funds were even hers. The Lottery License was in the name of the corporation which held the License. Plaintiff was a one third partner in Little Saigon (Garden Market) but she put no money into that business, or for the Lottery Deposit itself. Plaintiff cannot establish the lottery deposit was even hers. Finally, the forgery issue does not arise under Section 727 of the Code.

The repayment of the Catherine Huang loan of $30,000 was not wrongful. Huang had loaned money to Little Saigon Supermarket. Plaintiff does not deny there was a loan from Huang to Little Saigon. Huang was repaid with money from City of Industry Market. City of Industry Market is not in a bankruptcy. Chhor is in bankruptcy. Chhor did not use his money to pay Huang back. Chhor did not use Little Saigon money to pay back Huang. Huang's repayment does not arise under 727. The Litigation Trustee of Little Saigon did make a settlement with Huang regarding $30,000 payment. Plaintiff and her

-11-

counsel failed to conduct their due diligence and do not know this.

It does not appear Katz settled with Shan Lin Tseng and Hannan Le but Katz had to tools to discover the repayments to them.  Chhor did not conceal them.

Chhor did not pay his own legal fees from Little Saigon or any other entity money. Chhor  paid the immigration fees of Plaintiff's EB 5 investors.   Plaintiff does not deny this.

10.   Chhor's having multiple bank accounts at Bank of the West, Chase Bank and Bank of America, without more, does make those accounts Chhor's personal bank accounts.  That is Plaintiff's unprovable contention.  Chhor did not have income from employment.  Chhor did not have income.  Chhor took no compensation from any of the entities on which he had check signing authority.  Plaintiff does not show payroll checks drawn on these account to Chhor because there are none.

The payment to his mother Heng Phan is not payment for a debt to an insider.

The payment to Heng was for Chhor's living expenses.  The payment amount was also not material.  It was modest. The payment to Peter Nguyen is not a payment to an insider. The money was not paid by the Debtor Chhor.   The payment to Huang is not a payment to an insider because she is not a relative by blood or marriage to Chhor.  The payment was made by City of Industry Supermarket to repay the $30,000 loan she made to Little Saigon Supermarket.  Litigation Trustee Ira Katz then required Huang to disgorge a portion of it.

Chhor is not a member of  FB Socal 5, LLC, since 2016.  The entity is not material to this case because he has not had an interest since that time and derived no income since that time.   Chhor disclosed the same to Ira Katz in the Chhor Katz Declaration in August

of 2018. Chhor does not operate City of Industry Supermarket, LLC. Chhor did not personally sublease Super HK.   To the extent he did participate in any way, the failure to disclose is not material.

11.   Chhor's failure to disclose whatever legal or equitable interests he had in the Statement of Financial Affairs is not relevant. Those interests were not material. All those businesses failed or were failing.  Chhor's use of the bank accounts was not an abuse. Chhor paid the bills.  He did not take substantial sums of money to pay himself, Peter Nguyen, his family or his friends.

12.   No co-debtors.   The omission of co-debtors in schedule H is not material.  The leases were listed in schedule F.   The co-debtors knew who they were.  Listing them in H would not have changed matters

13.   Chhor did receive disability income.  Chhor did not receive material amounts of other income just because he had access to the other bank accounts.  Chhor challenges Plaintiff to show one meal, one check where Chhor paid his own expenses.  The reference to Exhibit 44, page 95 and 130 for airfare is was business related, small and personal.

14.   Chhor paid his mother $500 in monthly rent.  Aside from that, nothing raised by Plaintiff is material.

15.   Chhor's failure to submit a Declaration he received income from an Employer is neither required or material.  He was not on payroll.

16.   There is no contradiction.  Access to the bank accounts does not mean Chhor paid himself anything from them other than the not material amounts Plaintiff has identified. Plaintiff has proven that paltry little was paid for Chhor's benefit, or the benefit of friends

and family from those accounts.

17. Chhor has not made a material false oath.  The bank accounts in the name of corporations and limited liability companies were not his personal accounts.  Plaintiff's reasoning is flawed and misleading.  There is no material evidence Chhor abused his access to this accounts.

For example, Plaintiff argues at page 14 lines 13 - 25 of her brief that Chhor had "exclusive control" of $65,932.45 at the end of March 2018.  Plaintiff fails to describe how this is material.  Then Plaintiff contends at lines 15 -17 Chhor sold the City of Industry Supermarket to his step father Tony Ta without any consideration, and that Chhor did not disclose his interest in the City of Industry market to the litigation bankruptcy trustee Ira Katz.

Plaintiff's assertion is patently false.  It is contradicted by the August 2018 Chhor Katz Declaration.   The Declaration disclosed City of Industry Supermarket.   City of Industry market was also deeply in debt.  Tony Ta assumed the debt.  Ultimately it too failed. It is also noteworthy that Ira Katz took no action against Chhor,  Peter Nyguen and Jasmine Nyugen to collect money from any of them in connection with Little Saigon Supermarket, or any of the other entities.

Evidence at trial will further reveal Mr. Katz interviewed  and took no action.  Plaintiff or her counsel provides no evidence they even reached out to Katz to verify Plaintiff's allegations.  Plaintiff's counsel failed to do her due diligence.

Mr. Katz must have found Chhor's actions not to be material because Katz took no action against Chhor.

Finally, impeachment evidence from Jasmine Nguyen's personal bankruptcy in 2020 will reveal too that she has no assets. Her bankruptcy schedules reveal everything is in her husband's name and that she had no assets to administer. Everything, personal residence and two rental homes in Orange County are in the name of Jasmines' husband. The chapter 7 trustee in that case, Thomas Casey did not even want to administer Jasmine's claims in the lawsuit and Chhor and Peter, even though she disclosed those assets, after amendment, after having initially omitted them.

The point is, Plaintiff has nothing to lose by making misleading, irrelevant and non material allegations against Chhor, because she has nothing to lose and puts nothing at risk if she does not prevail here. Plaintiff enjoys the best of both worlds.

Plaintiff comparisons of this case to the Cheung v. Fletcher case, 551 B.R. 455 are not on point. The facts in that case were material. In the instant case, the facts are not.

At page 17 lines 12 - 27, Plaintiff identifies transfers and payments Chhor made to his mother Heng. The monthly payments are never over $1,000. They appear to be living expenses. Paying his rent, food and mother's cable expenses hardly seems material.

At page 18 lines 1- 14 Plaintiff complains Chhor transferred the entire ownership of the City of Industry Supermarket to his step father Tony Ta. If Plaintiff had an equitable interest in City of Industry, which she did not as her Partnership only involved Little Saigon Supermarket, her interest would have only been a minority interest. Chhor did not write checks to himself so again there is not demonstrated materiality.

At page 18 lines 15 - 24 Plaintiff revisits the Ellen Gold checking account issue. Chhor testified in his Reply Declaration he did not live at the 1258 Elm Street San Gabriel address and that he could not open a checking account so he asked his former spouse, Ellen Gold to

-15-

1   put him on her checking account.   He did not live at the Elm Street address in 2018, he was

2   living with his mother and step father, paying rent and his mother's cable bill.   Plaintiff has

3   been unable to rebut.  Just because Chhor is on a checking account with the Elm Street

4   address does not mean he lived that in 2018.  Ellen Gold and he divorced in 2013 as Plaintiff

5   admits.

6

7       At page 18 lines 25 of Plaintiff's brief, Plaintiff raises again the $7,000 payment to Peter

8   Nguyen and to himself.   Testimony at trial will reveal this was profit on the transaction and

9   not compensation out side of the agreement for either Defendant.

10

11      At the bottom of page 18 and continuing to page 19, lines 1 - 2 Plaintiff writes about a

12  sub lease of the goodwill  for $23,464.00 Plaintiff presents no evidence and this is the first

13  time Chhor has heard about this allegation.  Plaintiff cites no evidence.

14

15      Finally at page 19. Lines 3 - 11 Plaintiff's brief talks argues that Chhor's bankruptcy

16  trustee would not have known about the bank accounts.  Chhor submits, that evidence at

17  trial will prove that Chhor's bankruptcy chapter 7 bankruptcy trustee DID KNOW  know

18  all about the other entities because she emailed Chhor's counsel and told Mr. Burton to

19  amend the Statement of Financial Affairs.   Burton then provided Kurtz with a narrative

20  which Plaintiff's counsel has obviously not seen as counsel never reached out to Kurtz.

21  Kurtz knew and took no action.  How did Ms. Kurtz know about the other entities?  The

22  evidence will show Kurtz had bee talking with Ira Katz.

23

24      More importantly, the evidence will show that because Chhor had met with Trustee Ira

25  Katz in before Chhor filed for his personal bankruptcy, Chhor knew Katz knew about the

26  other entities.  Chhor did not intent to conceal the other entities as he believed every one

27  already knew about them.

28

-16-

### C.    11 U.S.C. $727(a)(3)

At page 20 lines 3 -17, Plaintiff argues Chhor should be denied a discharge because he did not keep financial records about the transfer of CIS, and U.S.A. Food Trading.

Plaintiff forgets the Debtor here is Richard Chhor.  She has objected to the discharge of Richard Chhor.  CIS and U.S.A Food Trading are not in a bankruptcy.  The bankruptcy court has jurisdiction over Richard Chhor.   Plaintiff cites no legal authority for how it is Chhor may be denied a discharge in a personal case based upon allegations he took money for personal purposes from other entities.  The allegations are untrue in any event.  Plaintiff was able to obtain the financial records of all of the entities she subpoenaed.  All plaintiff has to do is follow the money.  The alleged sale of the goodwill of CIS for $23,464 did not go to Chhor for his lifestyle.  It would have gone back into CIS to service its floundering debt.

Once again, Plaintiff attempts to mislead the Court with irrelevant, non material arguments which the Court should disregard.

### CONCLUSION

Plaintiff's arguments are misleading.  Chhor did not have multiple personal bank accounts.  Chhor had access to bank accounts for entities which were not in bankruptcy.  The accounts were used to pay the debts of those entities.  Chhor did not abuse those accounts in a material way and spend the funds in those accounts for his personal expenses and expenses of Peter Nguyen.

Chhor maintains Plaintiff did not even make it half way in her claims and Chhor should not be denied a discharge.

Dated:   April 30, 2021                        STEPHEN L. BURTON,

Attorney at Law

Attorney for Defendant, Richard Chhor

-17-

| In re:<br><br>   **Richard Chhor**<br><br>   Debtor(s). | CHAPTER: **7**<br><br>CASE NUMBER: |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**16133 Ventura Boulevard, 7th Floor**
**Encino, CA 91436**

A true and correct copy of the foregoing document entitled (*specify*): **OPENING BRIEF OF DEFENDANT RICHARD CHHOR**      will
be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated
below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. 5/02/2021____, I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice
List to receive NEF transmission at the email addresses stated below:

JULIE NONG NT LAW GROUP 2600 W OLIVE ST 5TH FLOOR  647  BURBANK, CA 91505 Julienong@ntlawgroup.com

Heidi Kurtz trustee@hkurtzco.com

U.S. Trustee ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On **5/02/2021**   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours
after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each**
**person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____ , I served the following persons and/or entities by
personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be</u>
<u>completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/02/2021 | Stephen L. Burton 113748 | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**9013-3.1.PROOF.SERVICE**