Julie N. Nong (SBN 208013)
NT Law
2600 W. Olive Ave., 5th Fl., #647
Burbank, CA 91505
Tel: 888.588.0428
Fax: 888.588.0427
Email: julienong@ntlawgroup.com

Attorneys for Plaintiff Jasmine Nguyen

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 2:18-bk-22171-BR |
| Richard Chhor, | The Honorable Barry Russell, Judge |
| Debtor | Chapter 7 |
| | Adv. Proc. No. 2:19-ap-01005-BR |
| Jasmine Hoa Nguyen | **PLAINTIFF'S REPLY TRIAL BRIEF** |
| Plaintiff, | |
| v | Trial Date: 05/18/2021 |
| Richard Chhor | Time: 2:00 p.m. |
| Defendant. | Crtrm: 1668 |
| | Roybal Courthouse |
| | 255 E. Temple St. |
| | Los Angeles, CA 90012 |

1

PLAINTIFF'S REPLY TRIAL BRIEF

## Table of Contents

I.     **CHHOR'S OPENING BRIEF WAS FILED LATE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.    **CHHOR'S FALSE OATH ARE NUMEROUS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.   **FIRST AND SECOND CLAIM FOR RELIEF UNDER 11 U.S.C. § 727(a)(2)** . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.   **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# Table of Authorities

**Cases**

*Cheung v. Fletcher*, 551 B.R. 455, 461, 462 (2016) ................................................................. 5, 7

*Hughes v. Lawson (In re Lawson)*, 122 F.3d 1237, 1240 (9th Cir.1997) ...................................... 7

*In re Beaver Valley Builder's Supply, Inc.*, 177 B.R. 507, 515 (1995) ......................................... 7

*In re Retz*, 606 F.3d 1189, 1998, 1200 ..................................................................................... 6, 7

*Schwarz v. Liechti (In re Liechti)*, 543 B.R. 26, 40 (2015) ........................................................... 4

**Statutes**

11 U.S.C. §727 (a)(2) & (4) ............................................................................................................ 8

11 U.S.C. § 727(a)(2) ..................................................................................................................... 7

11 U.S.C. §101(a)(31). .................................................................................................................. 7

*Bankruptcy Code* section 101(a)(31) ............................................................................................ 6

## I.    CHHOR'S OPENING BRIEF WAS FILED LATE

On March 31, 2021, the Court issued an order requiring that Defendant's opening trial brief be filed not later than 5:00 p.m. on April 30, 2021.  (Dkt# 86.)  Defendant did not file his brief at the due date but in the after of May 2, 2021.  (Dkt# 91.) Moreover, the brief for the first time discussed a "fifteen page declaration" he allegedly provided to Ira Katz in August of 2018 in connection with Little Saigon Supermarket bankruptcy and other contentions regarding settlement  with his girlfriend Katherine Huang and an attempt to explain away why he did not disclose the information in his Statement of Financial Affairs.  His brief also alluded to a three page narrative to Chhor's Chapter 7 bankruptcy trusted, Heidi Kurtz.  (Dkt# 91, pg. 4, ln 25 to pg. 5, ln 20.)  None of the alleged declarations were disclosed prior to the discovery cut off of November 4, 2019. (Dkt# 36.)  Moreover, these two declarations were not listed in the list of Exhibits (Dkt# 70, Exhibit List Attachment, pg. 12) or even mentioned in his Declaration filed on November 17, 2020.  (Dkt# 79.)  Neither was there a declaration by Ira Katz nor by Heidi Kurtz.  Clearly, it would be prejudicial to Plaintiff Jasmine Nguyen ("Nguyen") to have learned of these declarations at the eleventh hour.  Thus, these "surprised" declarations and related arguments should be disregarded and excluded by the Court.

## II.    CHHOR'S FALSE OATH ARE NUMEROUS

While all that is required for a denial of discharge under false oath discharge exception is a single false oath or account, *Schwarz v. Liechti (In re Liechti)*, 543 B.R. 26, 40 (2015), as presented in Nguyen's Opening Trial Brief (Dk# 88), Nguyen's Declaration (Dk# 77) and Nguyen Declaration in Reply (Dk# 80) and Chhor's own admission (Dk# 79, ¶s7-25, Dk# 91), there exist numerous errors and omissions in  Chhor's petition, financial schedules and statement of financial affairs such as the disclosure of several bank accounts where he listed none in his Schedule A/B (Dkt# 77-4) and interests in business dealings (Dkt# 48, 44, 48 and 58).  It has been more than two and half years since his Chapter 7 filing, yet Chhor has not bothered to amend his Petition and Schedules.  Omitting bank account and business dealings and transferring of valuable

which qualify as false oath under § 727(a)(4)(A), favoring a denial of discharge. *Id.* at 1997.

The next element that the Court must consider is whether the false oath is materials. *See Retz v. Samson (In re Retz)*, 606 F.3d at 1998 (internal quotation marks omitted); *Cheung v. Fletcher*, 555 B.R. 455 (2016).  A fact is material if it bears a relationship to the debtor's *business transactions or estate*, or c*oncerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property*.  *In re Retz* 606 F.3d at 1998, *Cheung v. Fletcher*, 555 B.R. at 461 (emphasis added).  The evidence is overwhelming that not disclosing business transactions in relation to his interests in the City of Industry Supermarket and USA Food Trading is material since here existed a business relationship between Chhor and these businesses and Chhor had a fiduciary duty to Plaintiff who's a member of Sun Valley Management, Inc. who were to act as the holding company for Sun Valley Management, LLC who managed and operated supermarkets, one of which was City of Industry Supermarket.  Not disclosing transfers however small it may be is material in the determining of Chhor's assets and property.  *Cheung v. Fletcher*, 555 B.R. at 462.

In responding to the scores of examples and evidence illustrating instances where he omitted material facts regarding his financial, Chhor responded to the seventeen paragraphs[1] claiming each of the instances being immaterial because the accounts or the transfers were not his "personal" accounts.  This argument completely misses the mark since a fact if material if it bears a relationship to Chhor's business transactions and dealings and the discovery of his assets and property.  By claiming that these accounts are not his personal deposit account, it's evidenced that these are accounts relating to his business dealings and transactions.  Additionally, Chhor now admitted that there're bank accounts but that he did not disclose because the amount in these accounts according to him was not a material amount.  These accounts clearly concerns the discovery of Chhor's assets and disposition of his property and therefore are a material fact.  By

---

[1] Dkt #91, at para. a, 1, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17.

Main Document    Page 6 of 8

1  providing erroneous Schedules and Statement of Information, not only would it be
2  materials but also impossible to reconstruct Chhor's financial affairs to determine
3  Chhor's assets and property warranting a denial of discharge.
4   The third element required by §727(a)(4)(A) is that Chhor act knowingly in
5  making the false oath. *In re Retz*, 606 F.3d at 1998. A debtor acts knowingly if he acts
6  deliberately and consciously. *Id.*  In re Retz, the Court finds that the debtor Retz
7  deliberately and consciously signed the Schedules and SOFA. *Id.*  Here, Chhor signed
8  the Schedules and SOFA omitting all of his bank accounts and did not disclose his
9  business transactions can be deemed as deliberate acts.  More than two and half years
10 have passed since he filed his Petition, yet he made no efforts to correct and amend his
11 Petition, Schedules and SOFA.
12   Finally, the requisite fraudulent intent which usually proven by circumstantial
13 evidence or by drawing inferences from a debtor's conduct which can be shown "by a
14 pattern of falsity, his reckless in difference to and disregard of the truth, and
15 demonstrated by his course of conduct. *In re Retz* 606 F.3d at 1998.  Here, Chhor has a
16 continuing duty to assure accurate schedules of assets is fundamental because of the
17 viability of the system of voluntary bankruptcy depends upon full, candid, and complete
18 disclosure by debtors of their financial affairs. *Id*. at 1999.  Chhor signed under penalty
19 of perjury while knowing that he had multiple bank accounts and had business of ongoing
20 concerns, he chooses to omit such material information and not amend his Schedules.
21 More outrageously, Chhor argues that Peter Nguyen or Catherin Huang whom he
22 transferred assets were not an insider.
23   *Bankruptcy Code* section 101(a)(31) defines an insider in relevant part as follows:

   **(31)** The term "insider" includes--
     **(A)** if the debtor is an individual--
       **(i)** relative of the debtor or of a general partner of the debtor;
       **(ii)** partnership in which the debtor is a general partner;
       **(iii)** general partner of the debtor; or
       **(iv)** corporation of which the debtor is a director, officer, or person in control;

PLAINTIFF'S REPLY TRIAL BRIEF

11 U.S.C. §101(a)(31). The list of categories are not exhaustive. *In re Beaver Valley Builder's Supply, Inc.*, 177 B.R. 507, 515 (1995) "Insider" for bankruptcy purposes, is any person or entity who has sufficiently close relationship with debtor that his conduct is made subject to closer scrutiny than that of those dealing at arm's length with debtor. *Id*. Here, Peter Nguyen is Chhor's friend and business partner. Thus, Peter is an insider. Catherine Huang is Chhor's girlfriend and clearly has a sufficiently close relationship with him to be an insider. Tony Ta is Chhor's step father and Chhor apparently transferred the entire supermarket to him without any consideration. Payments to Heng Phan who is Chhor's mother, Peter and Huang from an account that Chhor controlled and his ex-wife Ellen Gold are clearly transfers to an insider. Moreover, Chhor subleased City of Industry Supermarket to Super HK on August 25, 2018 for $23,464.00 but chooses not to disclose this transaction which was accomplished just about two months before he filed for bankruptcy. Chhor then claims that he needed not submit an accurate Declaration regarding whether he had received income from an employer because he's not employed. Whether or not he's employed, without the declaration it's not certain that he's paid by an employer. One would never know the truthfulness of these issues where Chhor has a continued duty to file accurate information. In view of the totality of circumstances and circumstantial evidence, an inference can be drawn from the course of Chhor's conduct that he acted with a fraudulent intent in making a false oath. *Cheung v. Fletcher*, 551 B.R. 455 at 461.

### III. FIRST AND SECOND CLAIM FOR RELIEF UNDER 11 U.S.C. § 727(a)(2)

A party seeking denial of discharge under § 727(a)(2) must prove two things: "(1) a disposition of property, such as transfer or concealment, and (2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act [of] disposing of the property." *Hughes v. Lawson (In re Lawson),* 122 F.3d 1237, 1240 (9th Cir.1997). "A debtor's intent need not be fraudulent to meet the requirements of § 727(a)(2). Because the language of the statute is in the disjunctive it is sufficient if the debtor's intent is to hinder or delay a creditor." *In re Retz*, 606 F.3d at 1200. In examining the circumstances

of a transfer under § 727(a)(2), certain "badges of fraud" may support a finding of fraudulent intent.

In section III. B. of Plaintiff's Opening Trial Brief (Dkt #88, pg. 17-19), Plaintiff argues that the transfer of the entire ownership interest of City of Industry Supermarket to Tony Ta and setting up U.S.A. Food Trading, LLC so that Ta could transfer back all interests in CIS to U.SA. Food Trading which Chhor controlled but did not disclose on January 1, 2018 is clearly to hinder creditor. Additional cash transfers to Ellen Gold, Peter Nguyen, Catherine Huang and Phan Heng are also evidence of transferring out assets to hinder, delay and defraud creditor.

## IV.    CONCLUSION

Chhor has demonstrated a pattern and conduct of dishonesty in that he did not correct the inaccuracies in his petition, schedules and statements which he signed under penalty of perjury. In his Petition, he stated that he does not rent but then when pointed out, he claimed he's paying rent to his mother. He claimed he did not have any other income, yet he stated he received funds for compensation for working for USA Food Trading which he did not disclose. He hid multiple bank accounts for his various business, concocted a scheme to transfer out all of his interest in CIS to an insider for no consideration and then have it transferred back to a third entity, USA Food Trading which he exclusively controlled evidencing his deliberate act to hinder, delay, or defraud Nguyen's out of her interest in CIS. Accordingly, Nguyen respectfully requests that Chhor discharged be denied under 11 U.S.C. §727 (a)(2) & (4).

Dated: May 7, 2021                    NT Law

/s/Julie Nong

_____

Julie N. Nong
Attorneys for Plaintiff Jasmine Hoa Nguyen